(Not for Publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
FORREST M. BAKER, SR.,              :
                                    :
          Petitioner,               :    Civil No. 04-5641 (RBK)
                                    :
     v.                             :
                                    :
UNITED STATES OF AMERICA,           :    **OPINION**
                                    :
          Respondent.               :
_____ :

**KUGLER**, United States District Judge:

      Currently before the Court is Petitioner Forrest M. Baker, Sr.'s ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent United States of America ("Government") submitted an Answer in response to the motion. The Court has considered the parties' submissions, and for the reasons set forth below, concludes that Petitioner's motion is denied.[1]

**I.  BACKGROUND**

---

[1] 28 U.S.C. § 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto . . . ." Based on the reasons discussed herein, the Court hereby denies Petitioner's request for an evidentiary hearing, finding that the record in this case conclusively shows that Petitioner is not entitled to relief under 28 U.S.C. § 2255.

On June 24, 2003, Petitioner signed a plea agreement in which he agreed to plead guilty to a one-count Information, which charged the Petitioner with bank robbery, in violation of 18 U.S.C. § 2113(a).  As part of the plea agreement, Petitioner agreed that four additional bank robberies committed by him would constitute relevant conduct and be treated as separate counts of conviction for the purposes of determining the applicable sentencing guideline range.  Plea Agreement Exhibit A at 8.  Taking this into account, Petitioner and the Government stipulated that the Petitioner's offense level was 28.  Plea Agreement Ex. A at 11.  In addition, the plea agreement specifically precluded the defendant from filing any motions for downward departures. Plea Agreement Ex. A at 11.  Similarly, other than a motion pursuant to U.S.S.G. § 5K1.1, the Government agreed not to file any motions for upward departures.  Plea Agreement Ex. A at 11.  The plea agreement also contained a provision by which Petitioner agreed to waive his rights to appeal and collateral attack with regard to the sentencing court's determination of the Guideline offense level.  Plea Agreement Ex. A at 11.

On July 23, 2003, this Court presided over a plea hearing conducted pursuant to Fed. R. Crim. P. 11, in which the Petitioner was advised of both the rights he was waiving by deciding to plead guilty to the offenses and the punishments he was exposed to by virtue of his plea. Petitioner again repeatedly waived his right to challenge his sentence through an appeal or a motion brought pursuant to 28 U.S.C. § 2255 should the Court determine that his applicable offense level under the Sentencing Guidelines was at or below level 28. Transcript (July 23, 2003) at 12:20-25.[2]  The Court also advised Petitioner that he was subject to twenty years

---

[2] A relevant excerpt from Petitioner's plea hearing that indicates Petitioner's understanding of this waiver of appeal as follows:

imprisonment under each of the five counts to which he pled guilty, which may run concurrently or consecutively.  Transcript (July 23, 2003) at 9:20-24.

Prior to sentencing, the Government filed a motion pursuant to U.S.S.G. § 5K1.1, which set forth the substantial assistance provided by Petitioner in the prosecution of others. Subsequently, on November 21, 2003, this Court granted the Government's motion, thereby allowing a two level departure from the Sentencing Guidelines to level 26.[3]  Transcript (November 21, 2003) at 18:20-19:5.  This Court then sentenced the Petitioner to a term of imprisonment of 78 months on each count, to be served concurrently, followed by a three-year period of supervised release.  Transcript (November 21, 2003) at 15:4-11.  Petitioner was again reminded of his waiver of certain appellate rights.  Transcript (November 21, 2003) at 18:10-12.

The judgment of Petitioner's conviction was docketed on or about November 25, 2003. Petitioner did not appeal the final judgment of this Court within the 10-day period specified in Fed. R. App. P. 4(b)(1)(A), nor during the 30-day grace period permitted under Fed. R. App. P. 4(b)(4).  However, on November 17, 2004, Petitioner filed the present petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence.  In his motion, Petitioner raises the issue of

---

COURT: Ordinarily there are circumstances under which you can appeal your sentence and the Government can appeal your sentence.  But you've given up most of those rights. [Do] you understand that is a part of this plea agreement?
PETITIONER: Yes, I do, your Honor.
Transcript (July 23, 2003) at 12:20-12:25.

[3] Pursuant to the Sentencing Guidelines effective November 1, 2001, the range of imprisonment at an offense level of 28 for an individual with no criminal history is 78 to 97 months.  The range of imprisonment for an offense level of 26 for an individual with no criminal history is 63 to 78 months.  See U.S. Sentencing Guidelines Manual, Sentencing Table (2001).

ineffective assistance of counsel based upon a series of claims.[4]  Attachment to Petr.'s Motion at 1-2.  On January 24, 2005, the Government submitted an Answer addressing any claim that Petitioner raised, pursuant to United States v. Solis, 252 F.3d 289, 295 (3d Cir. 2001), that his counsel had failed to file an appeal.[5]  On February 3, 2005, Petitioner replied to the Government's Answer, clarifying that he was not pursuing the Solis issue and wished to proceed with his substantive claims under § 2255.  Consequently, this Court directed the Government to file an Amended Answer in response to each of the substantive claims raised by Petitioner.  The Government having filed its Amended Answer, this motion is now ripe for review.

## II. STANDARD OF REVIEW

A prisoner in federal custody may file a motion in the trial court challenging the validity

---

[4] Petitioner's claims can be summarized as follows:
   1. Counsel was passive at Petitioner's sentencing hearing.
   2. Counsel failed to conduct or bring forward a proper mitigation motion pursuant to Petitioner's drug history and its effects on his behavior.
   3. Counsel failed to object to certain facts read into the record by this court at the sentencing hearing.
   4. Counsel failed to take action concerning Petitioner's Miranda rights and a promise allegedly made to Petitioner by law enforcement.
   5. Counsel did not seem "her outgoing self" at the sentencing hearing.

Attachment to Petr.'s Motion at 1-2.

[5] In its Answer dated January 24, 2005, the Government construed Petitioner's motion as an attempt "before the District Court to have an order of appeal entered *nunc pro tunc*." Def.'s Answer (January 24, 2005) at 3.  The Government based this assumption on Petitoner's designated grounds for reief– that his counsel "failed to file notice of appeal due to illness or other matter." Petr.'s Motion at 3.  If this were the case, then pursuant to United States v. Solis, the District Court must conduct a hearing to prove that the Petitioner made the request and that his lawyer failed to honor it.  252 F.3d at 295.  However, this Court had twice denied Petitioner's attempts to extend time for filing appeal, prior to the filing of Petitioner's present motion.  See Orders dated February 20, 2004 and August 10, 2004.  Accordingly, this Court has previously addressed the Solis issue.

of his sentence under 28 U.S.C. § 2255.  Morelli v. United States, 285 F.Supp.2d 454, 458 (D.N.J. 2003).  Pursuant to 28 U.S.C. § 2255, a petitioner may move to vacate, set aside or correct a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack".  28 U.S.C. § 2255.  To establish a right to habeas corpus relief, a petitioner must demonstrate that the sentence has a fundamental defect resulting in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.  See, e.g., United States v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989); Morelli, 285 F.Supp.2d at 458-59 (citations omitted).  Accordingly, the Petitioner is entitled to relief only if he can establish that he is in custody in violation of federal law or the Constitution.

## III. DISCUSSION

Petitioner claims, as indicated above, that habeas relief is warranted because his attorney was ineffective through her actions at the sentencing hearing.  The Court will consider each of Petitioner's individual claims as to his counsel's effectiveness, but first must consider whether Petitioner may bring the instant § 2255 petition, given that he waived his right to do so in his plea agreement and at his plea hearing.

Petitioner has expressly waived his right to bring the instant § 2255 petition in both his plea agreement and at his plea hearing.  Plea Agreement Ex. A at 11-12; Transcript (July 23, 2003) at 12:20-25.  Specifically, the plea agreement states:

> Forrest M. Baker, Sr. knows that he has, and voluntarily waives, the right to file any

5

> appeal, any collateral attack, or any other writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or less than 28.  The United States will not file any appeal, motion, or writ that challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or greater than 28.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.  *To the extent that any appeal, collateral attack, writ, or motion is barred by this paragraph, the parties agree that it should be dismissed.*
> . . .
> *Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph* and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

Plea Agreement Ex. A at 11-12 (emphasis added).  The Court's colloquy with Petitioner at his plea hearing regarding this waiver is discussed *supra* at footnote 2.  Petitioner does not argue that his waiver is invalid and, in fact, does not even address the waiver of his rights in his § 2255 motion.  Since Petitioner's § 2255 motion is challenging the Court's determination and imposition of his sentence pursuant to an offense level of 26, however, the waiver is automatically implicated.  Accordingly, the Court must consider whether the waiver is enforceable.

### A. Standard for Enforceability of Waiver

In <u>United States v. Khattak</u>, the Third Circuit held that waivers of a right to appeal are valid if entered into knowingly and voluntarily unless enforcing such a waiver would result in a miscarriage of justice. 273 F.3d 557, 558, 562 (3d Cir. 2001). In so holding, the Third Circuit noted that ten other Courts of Appeals have held that waivers of a right to appeal are permissible and enforceable. See <u>Khattak</u>, 273 F.3d at 560-61 (citing cases from the First, Second, Fourth,

Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits).

In determining when the enforcement of a waiver of the right to appeal would result in a miscarriage of justice, the Third Circuit noted that some of the other Circuits have identified specific situations in which an otherwise valid waiver will be excused. See Khattak, 273 F.3d at 562-63 (citing cases from the Second, Fourth, and Seventh Circuits). However, the Third Circuit declined to adopt a "blanket rule prohibiting all review of certain otherwise valid waivers of appeal" and further refused to "earmark specific situations" which would warrant invalidating such a waiver. Id. at 562-63.

Instead, the Third Circuit emphasized that the governing standard is whether "the error would work a miscarriage of justice." Id. at 563. The court endorsed the factors set forth by the First Circuit to use as a guideline in such an analysis.  These factors are: "'the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.'" Khattak, 273 F .3d at 563 (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)). The Third Circuit cautioned, however, that it would be an "unusual circumstance" where an "error amounting to a miscarriage of justice may invalidate the waiver." Id. at 562.

The Third Circuit has not determined whether its ruling in Khattak is equally applicable to a criminal defendant's waiver of the right to bring a motion pursuant to § 2255. See United States v. Wilson, 429 F.3d 455, 460 n.6 (3d Cir. 2005) (indicating that the Third Circuit has not yet addressed the issue of whether a plea agreement provision waiving the right to collateral attack is valid and enforceable); United States v. Dancy, Nos. 3:CR-03-340, 3:CV-06-070, 2006

WL 2504028, at *2 (M.D. Pa. Aug. 28, 2006) ("Our Court of Appeals has not definitively spoken as to the validity of the provisions in the plea agreement waiving the right to file a § 2255 motion."). However, in a non-precedential opinion, the Third Circuit indicated that a waiver of the right to collaterally attack a sentence is valid if it meets the Khattak test, i.e., the waiver was knowing and voluntary and the enforcement of the waiver does not result in a miscarriage of justice. See United States v. Perry, 142 Fed. Appx. 610, 2005 WL 1865420, at *1 (3d Cir. Aug. 8, 2005) (concluding that district court's denial of petitioner's motion collaterally attacking his sentence was proper in light of petitioner's waiver of his right to pursue such a collateral attack).

Several district courts within this circuit have held that a waiver of a right to collaterally attack a sentence by filing a motion pursuant to 28 U.S.C. § 2255 is valid and enforceable under the Khattak standard. See, e.g., Simon v United States, No. Civ. 05-5503, 2006 WL 3534600, at *5 (D.N.J. Dec. 7, 2006) ("[T]he standard set forth by the Third Circuit in Khattak is equally applicable to waivers of the right to collaterally attack a sentence pursuant to section 2255."); Darr v. United States, No. 06-608, 2006 WL 2645119, at *2 (D.N.J. Sept. 14, 2006) ("While the Third Circuit has not ruled on the enforceability of waivers and collateral attacks, the logic of Khattak is as applicable here as it is to appeals."); Dancy, 2006 WL 2504028, at *3 (holding that petitioner's waiver of his right to bring a section 2255 motion was valid under Khattak standard and dismissing § 2255 petition on such grounds); United States v. Minott, Crim. No. 04-59, Civ. No. 05-1135, 2006 WL 2372118, at *1 (W.D. Pa. Aug. 15, 2006) (same); United States v. Lam, Civ. No. 04-304, Crim. No. 05-5530, 2006 WL 1530875, at *2-3 (E.D. Pa. June 2, 2006) (same); Prado v. United States, Nos. Civ. 05-0938, Crim. 01-373-7, 2005 WL 1522201, at *2 (D.N.J. June 27, 2005) (same). Other circuit courts have also held that a waiver of the right to file a §

8

2255 motion is enforceable. See, e.g., United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001); Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Watson v. United States, 165 F.3d 486, 488-89 (6th Cir. 1999).

The Court agrees with these courts and finds that the standard set forth by the Third Circuit in Khattak applies to waivers of the right to collaterally attack a sentence pursuant to § 2255. To hold otherwise would render such a waiver agreement essentially meaningless and would result in a mockery of the judicial system by affording criminal defendants the benefits of plea agreements, while shielding them from their own promises made under such agreements. See, e.g., Khattak, 273 F.3d at 561 (stating that "waivers preserve the finality of judgments and sentences imposed pursuant to valid please of guilty" (quotation omitted)); Dancy, 2006 WL 2504028, at *3 (stating that to excuse a defendant's waiver would "make a mockery of [Fed. R. Crim. P. 11] and the judicial system"(citation omitted)). Therefore, Petitioner's waiver is valid and enforceable if it was entered into knowingly and voluntarily and the enforcement of such would not result in a miscarriage of justice.

### B. Knowingly and Voluntarily

First, it is clear that Petitioner entered into this waiver knowingly and voluntarily. Petitioner does not even allege, much less present evidence, that his waiver was unknowing or involuntary. The record supports this finding. Petitioner not only signed the plea agreement in which the waiver was contained, but he also, upon the Court's questioning at the plea colloquy held on July 23, 2003, informed the Court that he understood his rights and was agreeing to voluntarily waive certain rights to pursue an appeal. See, e.g., Khattak, 273 F.3d at 563 (holding that a waiver of the right to appeal is knowing and voluntary where the sentencing judge inquired

9

as to whether the defendant understood his rights and defendant received a sentence within the terms of his plea agreement); Dancy, 2006 WL 2504028, at *3 (holding that waiver of right to file a § 2255 motion is enforceable where petitioner indicated that he understood the waiver at his plea colloquy); Prado, 2005 WL 1522201, at *2 (enforcing waiver of right to bring § 2255 motion where petitioner signed plea agreement including the waiver and stated that he understood the waiver at his plea colloquy).

### C. Miscarriage of Justice

Further, Petitioner provides no basis for the Court to conclude that the circumstances surrounding his sentence were so "unusual" that the enforcement of his express waiver of his rights would result in a miscarriage of justice. Petitioner, in essence, alleges that miscarriage of justice would occur in this matter if this court does not invalidate the waiver because his counsel was ineffective. While the Third Circuit has acknowledged that it is possible for there to be a miscarriage of justice when "plea proceedings were tainted by ineffective assistance of counsel," Teeter, 257 F.3d at 25 n.9, this Court finds no possible miscarriage of justice in the circumstances presented by this case.[6]

---

[6] While this Court chooses to engage in a discussion of Petitioner's ineffective assistance of counsel claims in relation to the miscarriage of justice prong of the waiver analysis, it is worth noting that Petitioner's Application for Permission to Enter Plea of Guilty indicates that the maximum penalty for the crimes to which Petitioner pled guilty is 100 years imprisonment and an aggregate fine of $1,250,000. The plea agreement provides that Petitioner's adjusted offense level is 28, which amounts to a maximum penalty of 97 months imprisonment. See U.S. Sentencing Guidelines Manual, Sentencing Table (2001). Here, Petitioner's waiver was contingent upon a sentence below the guideline level of 28. Plea Agreement Ex. A at 11. As a result of this Court granting the Government's motion for a downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1, Petition was sentenced within the Guidelines range for level 26. The mere fact that this Court sentenced Petitioner based upon a Guidelines level that was lower than 28, thereby triggering Petitioner's waiver of his rights to collaterally attack the sentence imposed, would provide sufficient evidence for some courts to conclude that no

As an initial matter, Petitioner does not claim that the waiver itself was the product of ineffectiveness.  See *supra* note 4 (summary of Petitioner's claims).  Several courts have adopted the Teeter rational, holding that claims of ineffective assistance of counsel at sentencing, as opposed to claims that the waiver or plea itself was tainted by ineffective counsel, do not excuse knowing and voluntary waivers of post-conviction rights. See, e.g., United States v. White, 307 F.3d 336, 343 (5th Cir. 2002) ("[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directed affected the validity of that waiver or the plea itself."); Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000) (holding that the defendant waived his right to bring a § 2255 motion where his motion argued ineffective assistance of counsel at sentencing as opposed to counsel's deficient performance in negotiating the waiver); Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999) (upholding waiver where petitioner's "[§ ] 2255 motion does not claim ineffective assistance of counsel, but rather challenges the length of his sentence, an issue clearly contemplated by, and subject to, his plea agreement"); United States v. Robinson, Civ. No. 04-884, Crim. No. 02-760, 2004 WL 1169112, at *3-4 (E.D. Pa. Apr. 30, 2004) (refusing to excuse defendant's waiver of his right to bring § 2255 motion where defendant's claims of ineffective assistance of counsel were based on counsel's performance at sentencing as opposed to ineffectiveness in entering into plea agreement); Simon v United States, Civ. No. 05-5503, 2006 WL 3534600, at *7 (D.N.J. Dec. 7, 2006) (same).  Similarly, in the present matter, Petitioner's claim that his counsel was ineffective based on instances occurring outside the plea hearing, for the same reasons, does not excuse the

---

miscarriage of justice has resulted.

11

waiver.

Even if a miscarriage of justice could result for ineffective assistance outside of the plea hearing, however, a waiver does not "become[ ] unenforceable simply because a defendant 'claims . . . ineffective assistance," but only "if the record of the criminal proceeding revealed that the claim that the waiver was the result of ineffective assistance of counsel was meritorious." United States v. Akbar, 181 Fed. Appx. 283, 286-87 (3d Cir. May 12, 2006) (citing United States v. Monzon, 359 F.3d 110, 118-19 (2d Cir. 2004)).  To the extent that the Court should reach the merits of Petitioner's ineffective assistance of counsel claims, such do not demonstrate the requisite deficiency of counsel's performance and prejudice necessary to meet the standard set forth in Strickland v.. Washington, 466 U.S. 668 (1984), and, therefore, are not meritorious.

The cause of action for ineffective assistance of counsel flows from the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." Lockhart v. Fretwell, 506 U.S. 364, 368 (1993). To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate:

> First, ... that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland, 466 U.S. at 687.

To satisfy the actual prejudice prong of the Strickland test, Petitioner must show "that counsel's errors were so serious as to deprive [Petitioner] of a fair [hearing] whose result is reliable." Lockhart, 506 U.S. at 369.  Prejudice is not simply a question of whether the outcome

may have been different but for the counsel's error; rather the focus is on whether the result of the proceeding is fundamentally unfair or unreliable. Id. But "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989).

In the present case, a review of the existing record demonstrates that Petitioner cannot satisfy either of the Strickland prongs with regard to any of the claims presented. First, Petitioner does not show in any way how his attorney was deficient or how he was prejudiced by his attorney's failure to object to the Government's § 5K1.1 Downward Departure Motion, when in fact this Court granted the Government's motion to the Petitioner's benefit, and the sentencing court may lower a sentence based upon U.S.S.G. § 5K1.1 only upon motion by the Government. United States. v. Carey, 382 F.3d 387, 390 (3d. Cir. 2004). Similarly, Petitioner does not show that his attorney's failure to move the Court to depart based upon the Petitioner's history of psychiatric illness and drug use was deficient and that such conduct prejudiced Plaintiff. To the contrary, Petitioner's attorney acted pursuant to the plea agreement wherein the Petitioner stipulated as follows:

> The parties agree that there is no basis for any upward or downward departure or any upward or downward adjustment not set forth herein. Accordingly, neither party will seek or argue for any departure or adjustment not set forth herein.

Plea Agreement Ex. A at 11. Accordingly, counsel can not be rendered ineffective for failing to object to the sentence on the grounds raised by Petitioner as it is clear that the Petitioner was aware of the sentencing terms.

Additionally, Petitioner does not show that his attorney was ineffective when failing to

object to this Court's consideration of a letter from a victim of Petitioner's offense.  Petitioner claims that consideration of the letter was improper because it referred to actions of a co-defendant.  Contrary to Petitioner's allegations, his counsel did object to the factual underpinnings of the victim letter by denying that her client had undertaken the actions reference therein. Transcript (November 21, 2003) at 9:8-10:2.  Petitioner's counsel simply cannot be rendered ineffective for failing to object to this Court's consideration of information that was admissible and appropriately considered.

Moreover, Petitioner's counsel cannot be held ineffective for failing to challenge the admissibility of Petitioner's post-arrest statements or to ensure that Petitioner received the benefit of a promise allegedly made by a law enforcement agent.  As the Supreme Court has made clear that a petitioner collaterally attacking his plea "may not ordinarily repudiate statements made to the sentencing judge when the plea was entered," Blackledge v. Allison, 431 U.S. 63, 71 (1977), Petitioner's counsel cannot be faulted for failing to file a departure motion relating to the conduct of law enforcement.  Indeed, such a motion was precluded by the terms of the plea agreement voluntarily entered into by the Petitioner.  Furthermore, Petitioner's vague claim as to any promises made to him by others regarding his sentence is contradicted both by his plea colloquy with this Court and signed Application for Permission to Enter Plea of Guilty.[7]  Therefore,

---

[7] In his plea colloquy, Petitioner provided unequivocal confirmation that his counsel had provided him with satisfactory assistance and that no promises had been made to him:

COURT: You are satisfied with the services that have been provided by Miss Blanchard, are you not?
PETITIONER: Yes
COURT: She's answered all your questions?
PETITIONER: Yes, she has.
 Transcript (July 23, 2003) at 8:2-6.

Petitioner's claim must be dismissed.

Finally, Petitioner's counsel cannot be rendered ineffective for failing to be "her outgoing self" and seeming to be "bogged down" in the eyes of the Petitioner at sentencing. This is precisely the type of "vague" and "conclusory" allegation that the Supreme Court has determined

---

\* \* \*

COURT: Now, has anybody made any promises about the sentence you're going to get?
PETITIONER: No
COURT: Anybody made you any promise whatsoever about what's going to happen to you?
PETITIONER: No
COURT: Sometimes what happens is a defendant will plea guilty, the Court will sentence, and a couple months later the defendant writes a letter to the court and says, Judge, the FBI agent or the U.S. Attorney promised I was only going to get, you know, 40 months and you have me 60 months. That's not fair. If that's what's going on, and if that's happened to you, I need to know now because six months from now, I can't fix that problem. I can deal with it today, but I can't deal with that after I sentence you.
PETITIONER: Your Honor, nobody made any promise to me.
COURT: You understand that?
PETITIONER: Yes
Transcript (July 23, 2003) at 10:7-25.

Moreover, Petitioner's signed Application for Permission to Enter Plea of Guilty form states:

I hereby declare that no officer or agent of any branch of government (Federal, State or local), nor my lawyer, nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I will receive a lighter sentence, or probation, or any other form of leniency if I plead GUILTY. My lawyer has explained, and I understand, that only the judge may decide what punishment I shall receive, and that if any person has told me otherwise, that person is not telling me the truth. (emphasis in original)

\* \* \*

I believe that my lawyer has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP MY LAWYER HAS GIVEN ME. (emphasis in original).
App. For Permission to Enter Plea of Guilty at 4, 6.

"warrants dismissal for that reason alone." Blackledge, 431 U.S. at 72-73, 75-76.  Petitioner has failed to offer any evidence indicating a deficiency in counsel's performance at sentencing or demonstrating any prejudice resulting from counsel's representation.  Accordingly, this claim does not excuse the enforcement of Petitioner's waiver .

**IV.  CONCLUSION**

Overall, Petitioner cannot show that there is a reasonable probability that but for counsel's purported errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 694.  Accordingly, Petitioner provides no basis for the Court to carve out an exception to the general rule that waivers of the right to appeal and collaterally attack one's sentence are valid and enforceable where the movant is claiming ineffective assistance of counsel at sentencing.  Petitioner has not established that he entered into his plea agreement involuntarily or without requisite knowledge and understanding of the agreement, nor has he demonstrated that any miscarriage of justice would flow from the enforcement of the agreement.  Thus, the waiver of appeal and collateral attack stipulated to in Petitioner's plea agreement are valid and enforceable, and Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 must be denied.  The accompanying Order shall issue today.


Dated: 4-5-07                                      s/ Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge